**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LADALE PACE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 22-3050** |
| | : | |
| **IRWIN, DEPUTY SUPERINTENDENT,** | : | |
| **THE DISTRICT ATTORNEY OF THE** | : | |
| **COUNTY OF PHILADELPHIA, THE** | : | |
| **ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PENNSYLVANIA** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                              **December 19, 2022**

Congress has long required a person seeking habeas relief from a state court criminal sentence based on federal constitutional grounds to petition for relief within 365 days of their final appeal from their conviction. We do not count the days between the filing of a post-conviction relief petition in state court until a final order in the post-conviction matter. We today review a petition almost twenty-eight months after the one year limitation period. The sentenced man attributes this almost twenty-eight month delay to COVID-19. But we have no basis to do so. He offers no reason to find he could not file papers anytime in the twenty-eight months. The federal courts did not close. We resolved dozens of compassionate release motions and habeas petitions during this period. We must deny the incarcerated man's habeas petition as untimely with no grounds to equitably toll his limitations period. We also deny a certificate of appealability.

### I.    Background

The Commonwealth tried Ladale Pace and co-defendant, Laquam Smith, for murder in July 2014.[1] The jury found Mr. Pace burgled a home with Co-Defendant Smith immediately before Co-Defendant Smith shot and killed the victim.[2] The jury found Co-Defendant Smith guilty of murder in the first degree.[3] The jury convicted Mr. Pace of second degree murder, robbery,

burglary, criminal conspiracy, and firearm violations.[4] The trial judge sentenced Mr. Pace to life imprisonment for the murder, but no further penalties for the remaining convictions.[5]

### *Mr. Pace directly appeals from his conviction.*

Mr. Pace with trial counsel appealed his conviction to the Pennsylvania Superior Court.[6] He challenged both the sufficiency and weight of the evidence at trial and claimed the trial court erred by denying Co-Defendant Smith's motion for a mistrial due to prosecutorial misconduct.[7] The Pennsylvania Superior Court held the Commonwealth produced sufficient evidence to prove all the elements of murder in the second degree.[8] And the Superior Court held Mr. Pace waived his prosecutorial misconduct claim and lacked standing to bring it because the prosecutor directed the objectionable comments at Co-Defendant Smith.[9] The Pennsylvania Superior Court affirmed Mr. Pace's conviction on May 10, 2016.[10] Mr. Pace did not appeal to the Pennsylvania Supreme Court. Mr. Pace's direct appeals process ended on June 10, 2016 when his deadline to appeal to the Pennsylvania Supreme Court expired.[11]

### *State court denies Mr. Pace's motion for post-conviction relief.*

Mr. Pace *pro se* timely moved for post-conviction relief under Pennsylvania's Post-Conviction Relief Act on June 7, 2017, 362 days after Mr. Pace's conviction became final on June 10, 2016.[12] Mr. Pace filed a counseled amended petition on May 9, 2018.[13] The post-conviction court dismissed Mr. Pace's petition for post-conviction relief without a hearing on March 7, 2019.[14]

Mr. Pace appealed to the Pennsylvania Superior Court arguing: (1) ineffectiveness of his direct-appeal counsel for not arguing a mistrial should have been granted because evidence of Mr. Pace's prior criminality had been elicited at trial which prejudiced Mr. Pace, and (2) ineffectiveness of his trial counsel for not moving to sever Mr. Pace's case from Co-Defendant

2

Smith's case.[15] The Pennsylvania Superior Court held the post-conviction court correctly found Mr. Pace failed to establish his counsel's ineffectiveness and severing the trial could have been burdensome for the trial court and the Commonwealth.[16] The Superior Court affirmed and adopted the post-conviction court's decision on October 21, 2019.[17] The Pennsylvania Supreme Court denied Mr. Pace's petition for allowance of appeal on March 24, 2020.[18] Mr. Pace timely filed his direct appeals, post-conviction motions, and post-conviction appeals.

## II.     Analysis

Mr. Pace petitioned for habeas relief on July 20, 2022 which is 848 days (or two years, three months, and twenty-six days) after the Pennsylvania Supreme Court rejected Mr. Pace's petition for post-conviction relief on March 24, 2020.[19]

Mr. Pace offers four reasons for habeas relief: (1) there is insufficient evidence to sustain his convictions for criminal conspiracy to commit burglary, robbery, and murder in the second degree; (2) the prosecutor committed prosecutorial misconduct by presenting to the jury his own opinion of the facts; (3) ineffective assistance of direct appeal counsel for not arguing for a mistrial because of references to past criminality; and (4) ineffective assistance of trial counsel for failing to move to sever Mr. Pace's case from his co-defendant's case.[20]

But we first ensure a timely petition for relief. Mr. Pace acknowledges his petition is not filed within the one-year statute of limitations period set by Congress for habeas petitions.[21] But Mr. Pace argues we should equitably toll the statute of limitations period because of the COVID-19 pandemic.[22]

Former President Trump announced a travel ban from most countries in Europe on March 11, 2020 marking the start of lockdowns across the country due to the COVID-19 pandemic shortly before the Pennsylvania Supreme Court rejected Mr. Pace's petition for post-conviction relief.[23]

3

But the federal courts and the United States Post Office never closed.[24] Mr. Pace does not claim his Facility ever stopped delivering mail. Mr. Pace claims the Facility locked down and prevented him from going to the law library for an unclear period of time.[25] Mr. Pace admits the law library has been open for, at minimum, "around" a year.[26] Mr. Pace contracted COVID-19 twice, the last time around a year ago, and claims he did not use the law library until recently due a fear of contracting COVID-19 a third time.[27]

### A. Mr. Pace offers no basis to equitably toll the one year limitations period.

Mr. Pace *pro se* petitions for habeas relief including requiring a new trial.[28] He must timely petition for relief. Congress, through the Antiterrorism and Effective Death Penalty Act of 1996, imposes a one-year statute of limitations on state prisoners seeking federal habeas relief under Section 2254.[29] We must dismiss an untimely petition before we reach the merits.[30]

Congress also offers a tolling mechanism to allow facially untimely petitions. We toll the clock for the entire time spent filing and appealing motions for post-conviction relief.[31] Our Supreme Court also provides this clock is "subject to equitable tolling in appropriate cases."[32] To toll, Mr. Pace must prove both "he has been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way."[33]

Mr. Pace lost 362 days of his one year limitations clock by delaying in petitioning for post-conviction relief. Mr. Pace's conviction became final on June 10, 2016 – the last day he could seek review by the Pennsylvania Supreme Court but failed to do so.[34] He petitioned for post-conviction relief 362 days later on June 7, 2017.[35] Mr. Pace only had three of 365 days remaining to petition for habeas relief when the Pennsylvania Supreme Court denied his post-conviction relief petition on March 24, 2020.[36] He offers no reason why he waited almost a year to move for post-conviction relief.

4

Mr. Pace's petition is necessarily time-barred because he did not petition for habeas relief on March 27, 2020. Mr. Pace argues we should toll his clock between when the Pennsylvania Supreme Court denied his post-conviction relief petition on March 24, 2020 and July 20, 2022 when Mr. Pace petitioned for habeas relief.[37] Mr. Pace argues COVID-19 as an extraordinary circumstance, but does not argue a continued diligent pursuit of his rights.[38] Mr. Pace claims the Facility locked down due to COVID-19 and he feared contracting COVID-19 after the law library at the Facility reopened.[39] Mr. Pace also makes a passing argument about not "know[ing] how to proceed with this matter."[40] The Commonwealth argues Mr. Pace fails to meet his burden for equitable tolling because although a facility lockdown could qualify as an extraordinary circumstance, fear of COVID-19 does not constitute an extraordinary circumstance – considering the widely available COVID-19 vaccine – and Mr. Pace did not claim a diligent pursuit of his rights.[41]

For Mr. Pace to succeed on his equitable tolling argument he must prove both elements of equitable tolling for all but three days between March 24, 2020 when the Pennsylvania Supreme Court denied his post-conviction relief petition and July 20, 2022 when Mr. Pace petitioned for habeas relief. We need not address whether Mr. Pace diligently pursued his rights because Mr. Pace has not shown COVID-19 stood in his way as an extraordinary circumstance for the *entire* (or at very least all but three days) interim period. We do not reach the merits of Mr. Pace's petition for habeas relief because his petition is not timely.

We are persuaded by Chief Judge Brann's reasoning in *Polanco*.[42] Mr. Polanco moved for post-conviction relief 330 days after his conviction became final.[43] The post-conviction court denied Mr. Polanco's petition and the Pennsylvania Superior affirmed.[44] The Pennsylvania Supreme Court denied Mr. Polanco's petition for allowance of appeal.[45] Mr. Polanco then

petitioned for habeas relief on February 10, 2022, six months after the post-conviction relief appeals concluded.[46] Chief Judge Brann dismissed Mr. Polanco's habeas petition as untimely.[47] Chief Judge Brann reasoned "COVID-19 had been a reality for prisoners and non-prisoners alike for approximately a year and a half" when Mr. Polanco petitioned for habeas relief.[48] Chief Judge Brann further explained limited access to the facility's law library is not an extraordinary circumstance because a form Section 2254 petition does not require citation to legal authority or legal argument.[49] Chief Judge Brann concluded the clock immediately began running and did not toll the clock for COVID-19 reasons in *September* 2021.[50]

Our Court of Appeals has not addressed the impact of COVID-19 restrictions on the equitable tolling of habeas petitions, but the Court of Appeals for the Sixth Circuit persuasively discussed the issue in *Pryor v. Erdos*.[51] Mr. Pryor began the last leg of his clock (166 days) on December 18, 2019 when the Ohio Supreme Court denied Mr. Pryor's motion for post-conviction relief.[52] Mr. Pryor petitioned for habeas relief on December 16, 2020 (197 days late) and requested equitable tolling citing lack of adequate access to the law library due to the COVID-19 pandemic.[53] Magistrate Judge Baughman disagreed and recommended the petition be dismissed as untimely.[54] District Judge Barker agreed Mr. Pryor did not timely petition, and the Court of Appeals affirmed.[55] The Court of Appeals found the COVID-19 restrictions in place did not amount to an extraordinary circumstance.[56] The Supreme Court denied Mr. Pryor's petition for certiorari.[57]

The petitions in both *Polanco* and *Pryor* asked for much shorter periods of equitable tolling compared to Mr. Pace's request. Mr. Pace petitioned for habeas relief 848 days (or two years, three months, and twenty-six days) after the Pennsylvania Supreme Court affirmed the denial of his post-conviction relief petition.[58] To find Mr. Pace filed a timely habeas petition we would need to equitably toll the clock for all but three days of the interim period (or 845 days). Mr. Pace fails to

present additional COVID-19 restrictions in his facility during the period immediately preceding his habeas petition (July 2022).

Like in *Polanco*, where Judge Brann acknowledges the courts, prison mailing system, and the postal service operated during the pandemic, Mr. Pace never claims the prison mailing system closed or hindered his ability to file a habeas petition. Mr. Pace dealt with COVID-19 for long enough to understand how to file a habeas petition despite continuing restrictions or fear of the disease.[59] Like in *Pryor*, Mr. Pace actually petitioned for habeas relief despite his lingering fear of COVID-19.[60] Mr. Pace fails to timely petition for habeas relief even if we generously assume COVID-19 tolls the clock until after the last time Mr. Pace contracted COVID-19. Mr. Pace admits he has not had COVID-19 in almost a year.[61] The *only* way we can grant sufficient equitable tolling to save Mr. Pace's untimely petition is if we find COVID-19 presented an extraordinary circumstance during July 17–20, 2022, over two years after start of the COVID-19 pandemic. Such a finding would ignore the reality in our communities and correctional facilities. It would also twist the equitable tolling power beyond recognition swallowing the timeliness requirement for Section 2254 petitions.

We cannot find COVID-19 could never be an extraordinary circumstance. There are situations where continuing effects of the disease or a new lockdown may rise to the level of an extraordinary circumstance. The further the world progresses from an unvaccinated population and the more experience one has dealing with COVID-19 mitigation, the harder it will be to argue extraordinary circumstances. Mr. Pace asks us to find COVID-19 is an extraordinary circumstance for a habeas petition in July 2022 later than any other authority we could find. We find no basis to do so. Mr. Pace has not met his burden to prove equitable tolling because he fails to prove a sufficient extraordinary circumstance. We need not address the merits of Mr. Pace's petition

7

because his petition is not timely.

## B. We deny a certificate of appealability.

We decline to issue a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[62] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[63] Mr. Pace can "satisf[y] this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[64]

We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Pace's claims because they are not timely. Mr. Pace has not met his burden in showing a reasonable jurist would disagree with the dismissal of his petition.

## III.   Conclusion

Mr. Pace failed to timely petition for habeas relief and failed to meet his burden for equitable tolling. We dismiss Mr. Pace's habeas petition with prejudice as untimely.

---

[1] *Com. v. Pace*, No. 3570-2014, 2016 WL 2653312, at *2 (Pa. Super. Ct. May 10, 2016).

[2] ECF Doc. No. 9-1 at 13–25 (*Com. v. Pace*, CP-51-CR-5467-2013 (June 11, 2015 Phila. Cnty. Com. Pl.)).

[3] *Com. v. Smith*, No. 3578-2014, 2016 WL 3268830, at *1 (Pa. Super. Ct. June 14, 2016).

[4] *Pace*, 2016 WL 2653312, at *2.

[5] *Id.*

8

[6] *Id.* at *1. Mr. Pace filed his notice of appeal on December 16, 2014. *See* ECF Doc. No. 9-1 at 13–25 (*Com. v. Pace*, CP-51-CR-5467-2013 (June 11, 2015 Phila. Cnty. Com. Pl.)). Judge Ransom affirmed Mr. Pace's conviction on June 11, 2015. *Id.*

[7] *Pace*, 2016 WL 2653312, at *2.

[8] *Id.* at *4.

[9] *Id.* at *5.

[10] *Id.* at *6.

[11] *Id.*

[12] The docket confirms Mr. Pace petitioned for post-conviction relief petition on June 7, 2017. *See Com. v. Pace*, CP-51-CR-5467-2013 (Phila. Cnty. Com. Pl.). We recognize the Superior Court stated Mr. Pace filed his petition on June 7, 2016. *Com. v. Pace*, No. 754-2019, 2019 WL 5309042, at *1 (Pa. Super. Ct. Oct. 21, 2019). We will defer to the date on the docket. But his habeas petition remains untimely even if Mr. Pace petitioned for post-conviction relief on June 7, 2016.

[13] *Pace*, 2019 WL 5309042, at *1.

[14] *Id.*

[15] *Id.*

[16] *Id.* at *3.

[17] *Id.* at *4.

[18] *Com. v. Pace*, 227 A.3d 1274 (Pa. 2020).

[19] ECF Doc. No. 1.

[20] *Id.* at 7–13.

[21] *Id.* at 16; *see* 28 U.S.C. § 2244(d).

[22] ECF Doc. No. 1 at 16.

[23] Bobby Allyn & Vanessa Romo, *Trump Suspends All Travel From Europe For 30 Days To Combat COVID-19*, NPR (Mar. 11, 2020, 6:46 PM), https://www.npr.org/2020/03/11/814597993/trump-set-to-deliver-address-as-coronavirus-deemed-a-pandemic.

[24] *See Polanco v. Com.*, No. 22-00373, 2022 WL 16540079, at *3 (M.D. Pa. Oct. 28, 2022).

[25] ECF Doc. No. 1 at 16.

[26] Mr. Pace does not directly state when the law library reopened. *Id.* We can reasonably infer, based on Mr. Pace's claims, the law library has been open for around a year. *See id.* Mr. Pace provides he contracted COVID-19 twice and has not had COVID-19 in "almost a year." *Id.* Mr. Pace already contracted COVID-19 twice when the Facility reopened the law library, so we can tentatively place the reopening time of the law library at about a year ago. *Id.*

[27] *Id.*

[28] *Id.* at 17.

[29] Congress in section 2254 empowers federal courts to hear habeas petitions by a person alleging he is in custody because of a state court judgment in violation of the Constitution. *See* 28 U.S.C. § 2254. Section 2254 petitions are restricted by the timeliness provision in section 2244. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[30] *Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272 (3d Cir. 2022).

[31] 28 U.S.C. § 2244(d)(2) (the one-year clock pauses for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.").

[32] *Holland v. Fla.*, 560 U.S. 631, 645 (2010).

[33] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[34] *Polanco*, 2022 WL 16540079, at *1 (citing Pa R.A.P. 1113(a) (requiring, generally, petitions for allowance of appeal to be filed within thirty days after entry of appellate court order sought to be reviewed)).

[35] *Pace*, 2019 WL 5309042, at *1.

[36] *Pace*, 227 A.3d 1274 (Pa. 2020).

[37] ECF Doc. No. 1 at 16.

[38] *Id.*

[39] *Id.*

[40] Courts have not recognized lack of knowledge of the law as a valid reason for equitable tolling purposes. *See, e.g.*, *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("*[P]ro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse [ ] late filing.").

10

[41] ECF Doc. No. 9 at 6–8.

[42] *Polanco*, 2022 WL 16540079, at *1.

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.* at *3.

[49] *Id.*

[50] *Id.*

[51] *Pryor v. Erdos*, No. 21-3908, 2022 WL 1021911 (6th Cir. Mar. 31, 2022), *cert. denied*, 2022 WL 4657139 (U.S. Oct. 3, 2022); *see also Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) ("[Petitioner] is not entitled to equitable tolling based on his allegedly limited access to the law library in the wake of COVID-19.").

[52] *Pryor*, 2022 WL 1021911, at *2.

[53] *Id.*

[54] *Pryor v. Erdos*, No. 20-2863, 2021 WL 4245038, at *1 (N.D. Ohio Sept. 17, 2021), *certificate of appealability denied*, 2022 WL 1021911 (6th Cir. Mar. 31, 2022), *cert. denied*, 143 S. Ct. 272 (2022).

[55] *Id.*; *Pryor*, 2022 WL 1021911, at *3.

[56] *Pryor*, 2022 WL 1021911, at *2.

[57] *Pryor v. Erdos*, No. 22-5428, 2022 WL 4657139, at *1 (U.S. Oct. 3, 2022).

[58] *Pace*, 227 A.3d 1274 (Pa. 2020); ECF Doc. No. 1 at 18.

[59] *See Polanco*, 2022 WL 16540079, at *3.

[60] *See Pryor*, 2022 WL 1021911, at *2.

[61] ECF Doc. No. 1 at 16.

---

[62] 28 U.S.C. § 2253(c)(1)(A).

[63] 28 U.S.C. § 2253(c)(2).

[64] *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).